# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued September 14, 2006      Decided September 29, 2006

No. 05-7156

LAUREN KINGSMORE, PARENT AND NEXT FRIEND OF HANNAH
LUTZ, A MINOR,
APPELLEE

v.

DISTRICT OF COLUMBIA,
A MUNICIPAL CORPORATION AND
PAUL VANCE, OFFICIAL AS SUPERINTENDENT,
APPELLANTS

———

Appeal from the United States District Court
for the District of Columbia
(No. 03cv01130)

———

Before: RANDOLPH and BROWN, *Circuit Judges*, and
EDWARDS, *Senior Circuit Judge*.

## **J U D G M E N T**

This cause was considered on the record from the United
States District Court for the District of Columbia, and was
briefed and argued by counsel. It is

**ORDERED AND ADJUDGED** that the judgment of the District
Court be vacated and the case remanded.

Under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, the District of Columbia must ensure that a "free appropriate public education" ("FAPE") is available to learning disabled children, *id*. at § 1412(a). In 2002, Lauren Kingsmore moved with her mildly disabled minor daughter, Hannah Lutz, to the District of Columbia. The District of Columbia Public Schools ("DCPS") prepared an individual education plan ("IEP") for Hannah. Dissatisfied with the plan, Ms. Kingsmore requested and received an administrative hearing to challenge the adequacy of the IEP. The hearing officer determined the IEP was appropriate and met the requirements of IDEA.

Ms. Kingsmore appealed and discovered the transcript of the due process hearing was incomplete. Specifically, the transcript was missing all of the cross examination of DCPS's expert, contained over 100 instances where the hearing officer's comments were "inaudible," and contained an "audio break" of unknown duration. *Kingsmore v. District of Columbia*, 393 F. Supp. 2d 30, 32 (D.D.C. 2005). Under IDEA, DCPS is obligated to provide a "verbatim" transcript. 20 U.S.C. § 1415(h)(3). Arguing that the record was so deficient as to prevent the court from providing any meaningful review, appellee moved for summary judgment, or, in the alternative, a new hearing. Appellants insisted the transcript was sufficient and cross-moved for summary judgment in their favor.

The District Court granted appellee's motion and ordered DCPS to provide reimbursement for Hannah Lutz's placement in a private school for the 2002-03 and 2003-04 academic years. *Kingsmore*, 393 F. Supp. 2d at 34. The District Court held that:

> By failing to provide the complete transcript or verbatim recording of the due process hearing to which plaintiffs were entitled under 20 U.S.C. § 1415(h), defendants denied plaintiffs their right to contest adequately an adverse [hearing officer decision], and so denied Hannah Lutz the

free appropriate public education she is guaranteed by the IDEA.

*Id.*

Thereafter, this Court joined the majority of other circuits in ruling that a claim based on a violation of IDEA's procedural requirements "is viable only if those procedural violations affected the student's *substantive* rights." *Lesesne v. District of Columbia*, 447 F.3d 828, 834 (D.C. Cir. 2006). This Court denied relief to the plaintiff in *Lesesne* because she failed to demonstrate "that [the student's] education was affected by any procedural violations DCPS might have committed." *Id.*

The District Court's decision fails to consider whether the transcript violation did *substantive* harm to Hannah Lutz. Instead, the decision contains only repeated *ipse dixits* equating failure to provide a verbatim transcript with a substantive denial of FAPE. We fail to see how the transcript violation in this case could have caused a substantive denial of FAPE. The District Court has multiple means by which to remedy such a procedural defect. It could itself hear additional evidence to supplement the missing parts of the record. *See* 20 U.S.C. § 1415(i)(2)(C)(ii) (providing that the reviewing court "shall hear additional evidence at the request of a party"); *Branham v. District of Columbia*, 427 F.3d 7, 13 (D.C. Cir. 2005) (encouraging the district court in that case to "undertake the evidentiary hearing itself in order to minimize the potential for delay"). The District Court could also remand the case to the hearing officer to either supplement the record or even hold a de novo hearing. *See Reid ex rel. Reid v. District of Columbia*, 401 F.3d 516, 526 (D.C. Cir. 2005); *Branham*, 427 F.3d at 13. The District Court therefore erred in concluding "DCPS's failure to provide a full transcript or recording of the April 23, 2003 due process hearing constituted a denial of FAPE." *Kingsmore*, 393 F. Supp. 2d at 33. The judgment of the District Court is accordingly vacated and the case is remanded.

4

Pursuant to D.C. Circuit Rule 36(a)(2)(F), this disposition will be published. The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

<u>Per Curiam</u>

**FOR THE COURT:**
Mark J. Langer, Clerk